UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINA CROCHERON,

        Plaintiff,                        Case Number 19-12755
v.                                                  Honorable David M. Lawson

STATE FARM FIRE AND CASUALTY CO.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
## TO SUBSTITUTE PARTY AND SUBSTITUTING PARTY PLAINTIFF

Plaintiff Regina Crocheron bought a homeowner's insurance policy from defendant State Farm Fire and Casualty Company. When State Farm refused to pay a loss caused by a fire that damaged her home and belongings, she filed the present lawsuit for breach of contract. However, Crocheron had filed a bankruptcy case before this case was filed, and she now seeks to substitute the bankruptcy trustee as the plaintiff under federal Rule of Civil Procedure 17(a) as the real party in interest. State Farm opposes the motion, contending that the substitution is governed by Rule 15 as an amendment to the complaint, which does not relate back to the date the complaint was filed, and therefore the substitution would render the lawsuit untimely. State Farm is wrong on both counts. The motion will be granted, and the trustee will be substituted as the plaintiff.

I.

Regina Crocheron owns a home in St. Clair Shores, Michigan. She obtained a homeowner's insurance policy from State Farm Fire and Casualty Company, which insured her home and personal property against loss caused by fire damage. On May 4, 2018, while the policy was in effect, a fire broke out, damaging Crocheron's residence and personal property. Crocheron

filed a loss claim with State Farm, but the defendant denied it on December 12, 2018 for several reasons not pertinent to the present motion.

Two years earlier, Crocheron had filed a petition under Chapter 7 of the Bankruptcy Code. In August 2016, the case was converted to a Chapter 13 proceeding. Crocheron's bankruptcy was then converted back to a Chapter 7 bankruptcy on February 6, 2019.

On July 17, 2019, the Bankruptcy Court permitted the bankruptcy trustee administering Crocheron's case, Mark H. Shapiro, to retain Fabian, Sklar, King, & Liss, PC to file suit against State Farm for breach of the insurance contract. Abiding by the bankruptcy trustee's instructions, Crocheron sued State Farm in her own name for breach of contract on September 20, 2019. After discovering that the plaintiff cannot sue in her name due to the ongoing bankruptcy proceedings, the trustee instructed Crocheron's counsel on January 31, 2020 to substitute him for Crocheron as the real party in interest.

On March 17, 2020, Crocheron's counsel filed the present motion to substitute the party plaintiff under Federal Rule of Civil Procedure 17, now before this Court. State Farm filed a response in opposition.

II.

Crocheron presents the question of substituting the named plaintiff as one of identifying the correct party to pursue the breach-of-contract claim. She invokes Federal Rule of Civil Procedure 17, which, when a case is brought by the wrong plaintiff, allows — indeed, *requires* — a court to permit "the real party in interest to ratify, join, or be substituted in the action." Fed. R. Civ. P. 17(a)(3). In its briefing, State Farm mentions but does not discuss the requirements of Rule 17. Instead it conflates that rule with the relation-back provisions of Rule 15, which addresses amendments to complaints.

Neither party, however, has a addressed a more basic question: standing. The Sixth Circuit teaches that where the original plaintiff has "no standing to bring this action," she has "no standing to make a motion to substitute the real party in interest." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). It is well-known that for a plaintiff to have standing under Article III of the Constitution, she must have suffered an "injury in fact," she must show a causal connection between the injury and the defendant's conduct, and she must establish a likelihood that a favorable decision will redress the injury. *Ibid.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-01 (1992)).

It also is well-understood that when a person files for bankruptcy under Chapter 7, "all legal or equitable interests of the debtor in property as of the commencement of the case" are considered property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Courts have stated, therefore, that only the bankruptcy trustee has "standing" to pursue pre-petition causes of action. *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013) (citing *Stevenson v. J.C. Bradford & Co. (In re Cannon),* 277 F.3d 838, 853 (6th Cir. 2002)).

Bankruptcy debtors who file lawsuits in their own names for pre-petition claims face several obstacles. For one, if the cause of action was not listed on the bankruptcy schedule of assets, the civil action may be subject to dismissal under the concept of judicial estoppel. *Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Employees*, 741 F.3d 686, 697-98 (6th Cir. 2014) (citing *Kimberlin v. Dollar Gen. Corp.*, 520 Fed. App'x 312, 314 (6th Cir. 2013). For another, because pre-petition causes of action belong to the bankruptcy trustee, the trustee is the real party in interest to bring the claim. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012).

However, although a bankruptcy debtor may not have "standing" as the real party in interest to bring claims based on pre-petition causes of action, she still may have standing in a constitutional sense, in that she has suffered an injury in fact, that is traceable to the defendant's conduct, and a favorable decision would enhance the assets available to her creditors, and the possibility of a recovery in excess of her debt finding a path into her own pocket would be more than "merely speculative." *See Kardules v. City of Columbus,* 95 F.3d 1335, 1346 (6th Cir. 1996) (quoting *Lujan,* 504 U.S. at 561). Bankruptcy debtors misfiling claims in their own names have been allowed to salvage their cases by returning to the bankruptcy court to amend their schedules, to allow the trustee to abandon the claims, or to have the trustee ratify the lawsuit's filing. *See Tyler*, 736 F.3d at 465.

In this case, Crocheron filed her original Chapter 7 petition in 2016, two years *before* the fire. Her insured loss occurred when her case was in Chapter 13 proceedings and before the re-conversion of the case back to a Chapter 7 bankruptcy. Strictly speaking, therefore, it is not accurate to characterize her claim against State Farm as a pre-petition claim. And because of her interest in the potential recovery, she had Article III standing to bring this case and to move to substitute the trustee as the real party in interest after the case was converted back from a Chapter 13 proceeding to a Chapter 7 proceeding.

Rule 17 is the governing rule here. "Under the rule, the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Zurich Ins. Co. v. Logitrans, Inc*, 297 F.3d 528, 532 (2002). Substitution under Rule 17 "should be liberally allowed when the

change is merely formal and in no way alters the original complaint's factual allegations as to the events or participants." *Id.* at 534 (Gilman, J., concurring) (citing *Advanced Magnetics, Inc. v. Bayfront Partners*, Inc., 106 F.3d 11, 20 (2d Cir. 1997)).

State Farm does not dispute the fact that Crocheron's bankruptcy trustee, Mark Shapiro, is the real party in interest to this action. Instead, it argues that the substitution of Shapiro for Crocheron as the named plaintiff constitutes an amendment to the complaint under Rule 15. And it insists that the amendment would be futile, because it would not relate back to the original filing date and therefore would render the lawsuit untimely. *See* Mich. Comp. Laws § 500.2833 ("An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.").

Rule 15 states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). It is true that the Sixth Circuit has determined that the rule "does not authorize the relation back of an amendment adding a new *party*." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). But a careful reading of the court's decision in *Asher* reveals that this prohibition does not bar the *substitution* of a party to allow "corrections of misnomers or misdescriptions." *Ibid.* (citing cases and Fed. R. Civ. P. 17). *Asher*, for instance, involved an attempt by a separate group of late-to-the-case plaintiffs to piggyback on the claims of timely-filed plaintiffs by invoking Rule 15(c)'s relation-back provisions. *Id.* at 318. It did not address a substitution of a real party in interest.

Courts have recognized that when a bankruptcy debtor sues in her own name for a claim that rightfully belongs to the estate, "a district court under some circumstances may join or substitute the real party in interest — here, the Trustee." *Auday*, 698 F.3d at 905 (citing Fed. R. Civ. P. 17(a)(3); *Wieburg v. GTE Sw., Inc.,* 272 F.3d 302, 308 (5th Cir. 2001)). The *Auday* court explained:

> A district court also has the option of allowing a substitution to relate back to the date of the original complaint. *See* Fed. R. Civ. P. 15(c); *id.* 1966 Advisory Comm. Note (explaining that Rule 17's provision for substituting the real party in interest is "relevant" to whether a new plaintiff can relate back); *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318-19 (6th Cir. 2010) (noting that relation back permits "corrections of misnomers or misdescriptions" of plaintiffs).

*Ibid.*

Under Rule 17, once a party has been substituted, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). "Thus, a correction in parties is permitted even after the statute of limitations governing the action has run." 6A Charles A. Wright & Arthur R. Miller, *Fed. Prac. and Proc.*, § 1555 (3d ed. 2020) ("Wright & Miller").

Rule 17 was designed for the circumstances presented here: Crocheron asserts that she "made a reasonable mistake by following the instructions of the bankruptcy trustee when bringing this action in her own name." Reply, ECF No. 20, PageID.255-56. The change of plaintiffs "is merely formal and in no way alters the original complaint's factual allegations as to the events or participants." *Zurich Ins. Co.*, 297 F.3d at 534 (Gilman, J., concurring). The matter is not even left to the Court's discretion: it "*may not* dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted in the action." Fed. R. Civ. P. 17(a)(3) (emphasis added).

The authorities cited by State Farm do not support its position. *In Re Kent Holland Die Casting and Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991), addressed the addition of an entirely new defendant; the case had nothing to do with replacing the named plaintiff with the real party in interest to the action. 928 F.2d at 1449. The case faithfully tracked the Sixth Circuit's line of precedent, holding that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Ibid.* (citing *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). No new cause of action emerges here by the substitution of the bankruptcy trustee.

In *Miller v. Chapman Contracting*, 477 Mich. 102, 730 N.W.2d 462 (2007), the Michigan Supreme Court held that a bankruptcy debtor could not substitute a bankruptcy trustee as the plaintiff in an action after the expiration of the statute of limitations. *Miller*, 477 Mich. 102, 730 N.W.2d 462. But that decision was based on Michigan Court Rule 2.118(D), a state procedural rule that does not apply in this federal proceeding. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938), (holding that federal courts apply substantive state law in diversity cases, but apply federal law for procedural issues); *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules . . . the court has been instructed to apply the Federal Rule" unless doing so would transgress the terms of either the Rules Enabling Act or the Constitution); *see also* 19 Wright & Miller, § 4510.

Finally, it has been observed that Rule 17 "reflects the general policy of the drafters of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error." Wright & Miller, § 1555. Courts have observed that, in this respect, Rule 17 is consistent with the relation-back provision in Rule 15(c). *Ibid.* For instance, courts have used Rule 15(c) in conjunction with

Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. *See, e.g., Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270-71 (10th Cir. 1997). But the conjunction is unnecessary; "the same result could have been reached solely on the basis of the last sentence in Rule 17(a)." Wright & Miller at § 1555.

III.

Crocheron's bankruptcy trustee appropriately should be substituted as the party plaintiff, who is the real party in interest in this dispute. Neither Rule 15(c) nor the statute of limitations precludes the substitution.

Accordingly, it is **ORDERED** that the plaintiff's motion to substitute the party plaintiff (ECF No. 17) is **GRANTED**.

It is further **ORDERED** that Mark H. Shapiro is **SUBSTITUTED** as the plaintiff in this case. The Clerk shall amend the docket accordingly.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Date: September 22, 2020